# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 25, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

135053 & (4)

GRIEVANCE ADMINISTRATOR,
ATTORNEY GRIEVANCE COMMISSION,
STATE OF MICHIGAN,
          Petitioner-Appellee,

v

PATRICIA COOPER,
          Respondent-Appellant.
_____/

SC: 135053
ADB: 06-000036-GA

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the September 17, 2007 opinion and order of the Attorney Discipline Board is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). The parties shall submit supplemental briefs within 42 days of the date of this order addressing: (1) whether the Attorney Discipline Board erred in holding that the July 29, 2002 fee agreement was ambiguous as to whether the $4,000 minimum fee was nonrefundable; (2) whether the agreement or the respondent's partial retention of the minimum fee after the client terminated the relationship violated MRPC 1.5(a), MPRC 1.15(b), or MRPC 1.16(d); and (3) whether the Attorney Discipline Board erred in finding the respondent guilty of violating the Rules of Professional Conduct and/or in declining to make its ruling prospective only, in light of (a) its acknowledgments that it "provided something less than coherent guidance," and that "it was only recently, and only in a [September 29, 2005] memorandum to the Michigan Supreme Court, that we expressed the view that there really is no such thing as a nonrefundable retainer," (b) the lack of record evidence that such a memorandum was provided to the respondent, and (c) the fact that "a lawyer of ordinary prudence," at the time the agreement was executed on July 29, 2002, must have been "left with a definite and firm conviction that the fee is in excess of a reasonable fee" in order for the Attorney Discipline Board to find a violation of MRPC 1.5(a).

Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 25, 2008
_____

s0722

_____
Clerk