# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 25, 2008

135830

ANTONIO L. THOMAS and ANTONIO
L. THOMAS ASSOCIATED,
           Plaintiffs-Appellants,

v

LA-VAN HAWKINS and URBAN
CITY FOODS, LLC,
           Defendants,

and

MELVIN BUTCH HOLLOWELL,
           Receiver-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135830
COA: 271031
Wayne CC: 02-220633-CZ

On order of the Court, the application for leave to appeal the January 3, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. In *Sellers v Lamb*, 303 Mich 604, 610-611 (1942), this Court held that "a situation in which a receiver would be even *tempted* to favor one or another party cannot be tolerated." (emphasis in original). Here, plaintiffs produced sufficient evidence in support of their claim that the sale of the Sweet Georgia Brown restaurant was tainted, or at least *appeared* to be tainted, with a conflict of interest through Hollowell's representation of Wendy Hawkins, La-Van Hawkins and La-Van Hawkins' business entities. Moreover, Hollowell's refusal to include the co-receiver in the bidding and sale process raised legitimate concerns about his impartiality. Further, Hollowell did not procure any other bids for the restaurant or secure appraisals, and Hollowell knew Frank Taylor, the buyer, and gave him a $160,000 credit, thereby preferring Taylor over secured creditors. Therefore, on the facts at the time of filing as reconstructed at the remand hearing, this claim was *not* frivolous, because plaintiffs had a good faith factual basis to raise the conflict of interest issue. We REMAND this case to the Wayne Circuit Court for further proceedings consistent with this order.

      KELLY, J., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 25, 2008

s0722

_Carbin R. Davis_
Clerk